UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARRYL L. BRIDGES, JR. and NADJJ
ENTERPRISE LLC,

      Plaintiff,

      v.

TERRANCE L. ROBINSON; MUEHUE
MUEHUE LLP; CANANDAIGUA
NATIONAL BANK & TRUST; THE
PEOPLE OF THE STATE OF NEW
YORK,

      Defendants.

**DECISION AND ORDER**

6:25-CV-06487 EAW

---

## INTRODUCTION

*Pro se* plaintiff Darryl L. Bridges ("Plaintiff")[1] commenced the instant action

against defendants Canandaigua National Bank & Trust, Muehue Muehue LLP, Terrance

L Robinson, and The People of The State Of New York (collectively "Defendants") arising

from a New York state court foreclosure proceeding.  (Dkt. 1).  Plaintiff has also filed a

motion for leave to proceed *in forma pauperis* (Dkt. 2), and a motion for a temporary

restraining order (Dkt. 3).

---

[1]    The action was initially also commenced on behalf of plaintiff Nadjj Enterprise LLC. (Dkt. 1).  On January 20, 2026, the Court advised Plaintiff that to the extent Nadjj Enterprise LLC intends to participate as a plaintiff, it must retain counsel on or before February 10, 2026, and may not proceed *pro se*.  Because there has been no appearance of counsel on behalf of Nadjj Enterprise LLC and Plaintiff has dropped it as a party in his amended complaint (Dkt. 7), the Clerk of Court is directed to terminate Nadjj Enterprise LLC as a party.

The Court has reviewed Plaintiff's motion for *in forma pauperis* status (Dkt. 2), and it is granted.  The Court has also reviewed Plaintiff's complaint (Dkt. 1) and amended complaint (Dkt. 7) as required by 28 U.S.C. § 1915(e)(2) and concludes that his claims must be dismissed.  However, given Plaintiff's *pro se* status, the Court will grant Plaintiff another opportunity to amend his claims.

## BACKGROUND

Plaintiff filed his complaint and a motion to proceed *in forma pauperis* on September 16, 2025.  (Dkt. 1; Dkt. 2).  On February 9, 2026, Plaintiff filed an amended complaint.  (Dkt. 9).[2]

Although his pleadings are not a model of clarity, Plaintiff alleges that Defendants commenced a fraudulent foreclosure action against him in Monroe County Supreme Court in the State of New York.  (Dkt. 1 at 3-4; Dkt. 7 at 1-2).  Plaintiff alleges that loan documents for property located at 30 Newcomb Street in Rochester, New York were stolen and altered and a forged and unauthorized promissory note was entered in Plaintiff's name. (Dkt. 7 at 1).  He alleges that the resulting foreclosure action was unconstitutional and part of a scheme to unlawfully defraud Plaintiff.  (*Id.* at 2).  He requests that the foreclosure sale that occurred on October 18, 2024, as a result of Defendants' fraudulent misconduct, be vacated by this Court.  (*Id.* at 9).

---

[2]     Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within the timeframes set forth therein.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  In light of Plaintiff's *pro se* status, the Court treats his most recent filing, the amended complaint, as the operative pleading.

Plaintiff asserts claims for (1) wrongful foreclosure; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) violation of the Truth in Lending Act; (4) breach of contract; (5) violation of the Federal Trust and Lien Law; (6) slander of title; (7) slander of credit; and (8) infliction of emotional distress. (*Id.* at 9-10). As is required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

## DISCUSSION

### I.      Plaintiff's Motion for *In Forma Pauperis* Status is Granted

Plaintiff's affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1). Plaintiff has met the statutory requirements for *in forma pauperis* status and permission to proceed *in forma pauperis* is granted. The Court now turns to its obligation to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915.

### II.     Legal Standard

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

- 3 -

from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005). "In addition, if the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *West v. Sanchez*, No. 17-CV-2482 (MKB), 2017 WL 1628887, at *1 (E.D.N.Y. May 1, 2017) (quoting Fed. R. Civ. P. 12(h)(3)); *see also English v. Sellers*, No. 07-CV-6611L, 2008 WL 189645, at *1 (W.D.N.Y. Jan. 18, 2008) ("[E]ven pleadings submitted *pro se* must fit within the subject matter jurisdiction of an Article III court. . . .").

## III.   Plaintiff's Claims are Dismissed

Construing Plaintiff's amended complaint in the light most favorable to him, he alleges that a state court foreclosure action was fraudulently commenced against him and that the state court process was flawed and invalid. For the following reasons, Plaintiff's claims are dismissed.

### A.   Claims Relating to State Court Foreclosure Action

As a fundamental matter, to the extent Plaintiff's claims seek to change the results of the state court foreclosure action, federal court is not the proper venue for any such claim.

Under the *Rooker-Feldman* doctrine, "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" are barred from review in federal court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit has recognized four requirements in order for *Rooker-Feldman* to apply:

First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must "complain of injuries caused by a state-court judgment." Third, the plaintiff must "invite district court review and rejection of that judgment."  Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—*i.e.*, *Rooker–Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citation modified)).  This doctrine not only bars federal court review of claims previously raised in a state court action, but also covers claims that were not raised but are nonetheless "inextricably intertwined" with the state court judgment.  *Hoblock*, 422 F.3d at 86-87.  "As relevant here, courts in this Circuit 'have held consistently that efforts to upset a state court judgment of foreclosure are barred by the *Rooker-Feldman* doctrine.'"  *Harper v. Bank of New York*, No. 2:25-CV-1573 (NJC) (SIL), 2026 WL 1174506, at *9 (E.D.N.Y. Apr. 30, 2026) (quoting *Ozuzu v. Greenpoint Mortg. Funding*, No. 19-cv-3783, 2020 WL 5658776, at *5 (E.D.N.Y. Sept. 23, 2020); citing *Ceccarelli v. Morgan Stanley Priv. Bank, N.A.*, No. 25-443-cv, 2025 WL 2992528, at *2 (2d Cir. Oct. 24, 2025) (affirming dismissal of claims challenging foreclosure action pursuant to *Rooker-Feldman*); *Jeffreys v. Deutsche Bank Tr. Co.*, No. 22-3059, 2024 WL 482776 (2d Cir. Feb. 8, 2024) (same)).

Here, it is clearly alleged that: (1) Plaintiff lost in the state court foreclosure matter; (2) Plaintiff is complaining of injuries sustained by that state court judgment; (3) Plaintiff is asking this Court to review that state court judgment and reject it; and (4) the state court judgment was rendered prior to commencement of this federal court action.  Thus, Plaintiff's challenges to the state court foreclosure are barred under *Rooker-Feldman* and

- 5 -

are dismissed without prejudice for lack of subject matter jurisdiction. *See, e.g., Mendez v. Pretium Mortg. Credit Partners I, Loan Acquisition, LP,* No. 21-cv-826, 2023 WL 8283148, at *4 (E.D.N.Y. Nov. 30, 2023) ("Because the state court must necessarily have ruled on the validity of the underlying loan and mortgage in rendering its decision, Plaintiff's request for this Court to review the same loan and 'nullify' it meets the substantive requirements of *Rooker-Feldman*"), *aff'd*, No. 23-8057-cv, 2024 WL 4691006 (2d Cir. Nov. 6, 2024)*; Four K Group, Inc. v. NYCTL 2008-A Trust*, Nos. 12-CV-2135(JG), 12-CV-3172 (JG), 2013 WL 1562227, at *8 (E.D.N.Y. April 15, 2013) (plaintiff's claims challenging state foreclosure proceeding and subsequent auction sale barred under *Rooker-Feldman*).[3]

Moreover, Plaintiff's consumer protection claims that arise under the Truth in Lending Act, Federal Trust and Lien Laws, and FDCPA appear to be inextricably intertwined with Plaintiff's challenges to the foreclosure action because any finding that that the documents supporting the state court action were fraudulently obtained in a manner to warrant vacating the state court judgment would necessarily implicate *Rooker-Feldman*.

---

[3]   To be sure, fraud claims that are independent of a review of a state court judgment or that seek compensatory damages for misconduct in obtaining state court judgments are not necessarily barred by *Rooker-Feldman*, *see, e.g., Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co*., 664 F. App'x 20, 21 (2d Cir. 2016) ("The *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment."); *Ruiz v. New York Mortg. Agency*, No. 25-CV-1837 (MKB), 2026 WL 851403, at *8 (E.D.N.Y. Mar. 28, 2026) (damages arising from fraudulent calculation of interest which did not seek to overturn the judgment not barred), but because here, Plaintiff expressly seeks a determination that the foreclosure is void (Dkt. 7 at 9), all of his claims do appear subsumed by the doctrine.

*Fiorilla v. Citigroup Glob. Markets, Inc.*, 771 F. App'x 114, 115 (2d Cir. 2019) ("We have clearly held that a plaintiff cannot rely on allegations that the state court judgment at issue was obtained fraudulently to avoid application of the *Rooker-Feldman* doctrine. . . . As we have explained, '[t]his would require the federal court to review the state proceedings and determine that the . . . judgment was issued in error,' which *Rooker-Feldman* instructs we cannot do." (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (citation modified)); *Harper*, 2026 WL 1174506, at *11 ("Thus, as here, where Plaintiffs' consumer protection claims 'contest[ ] the authenticity of the underlying debt instruments and [BNY's] status as a creditor,' such claims are barred by *Rooker-Feldman* because the district court 'would necessarily have to review the state court judgment to adjudicate [those] claims.'" (quoting *Hines v. HSBC Bank USA*, 15-cv-3082, 2016 WL 5716749 at *4-5 (E.D.N.Y. Sept. 30, 2016))); *Winters v. State*, No. 2:24-CV-7420 (NJC) (ST), 2026 WL 710123, at *10 (E.D.N.Y. Mar. 13, 2026) ("Further, to the extent Winters seeks to challenge the State Court's Judgment of Foreclosure and Sale, the substantive requirements of *Rooker-Feldman*—a complaint of injuries caused by a state court judgment and an invitation to review and reject that judgment—are also satisfied. Whether framed as violations of due process, RICO, the FDCPA, or the various state law claims asserted in the Amended Complaint, Winters effectively alleges that Defendants were part of a conspiracy to allow a non-party, Bank of New York, to improperly obtain the Mortgage as well as the Judgment of Foreclosure and Sale in State Court.").[4]

---

[4]   Alternatively, Plaintiff's claims against the State of New York are barred by principles of sovereign immunity and dismissed without prejudice on that basis. *See, e.g.,*

Plaintiff further asserts various state law claims, including breach of contract, slander, and infliction of emotional distress.  Because the Court has dismissed Plaintiff's federal claims, it declines to exercise jurisdiction over these state law claims, and therefore they are dismissed without prejudice.

Given Plaintiff's *pro se* status, the Court will grant him leave to file a second amended complaint so that he may have the opportunity to better articulate his claims. Plaintiff must file his second amended complaint within **45 days** of the date of this Decision and Order.  If Plaintiff fails to file a second amended complaint within that time, the Clerk of Court is directed to dismiss this case without further Order of the Court.

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any second amended complaint must include all allegations against Defendants so that the second amended complaint stands alone as the only complaint that Defendants must answer in this action.

Plaintiff's remaining motion for a temporary restraining order is denied without prejudice.  Even assuming the Court had the power to stay foreclosure proceedings,

---

*Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (holding that Eleventh Amendment bars suits against a state by one of its own citizens in federal court).  "Absent a waiver on the part of the state, or a valid congressional override, the eleventh amendment prohibits federal courts from entertaining suits by private parties against the states." *Farid v. Smith*, 850 F.2d 917, 920-21 (2d Cir. 1988) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)).

Plaintiff has failed to offer sufficient argument in support of the Court taking any such action.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (Dkt. 2) is granted. Plaintiff's amended complaint (Dkt. 7) has been screened in accordance with 28 U.S.C. § 1915(e)(2), and the Court concludes that his claims must be dismissed as discussed herein. Further, Plaintiff's motion for temporary restraining order is denied.

Given Plaintiff's *pro se* status, and as described above, the Court will grant him leave to file a second amended complaint within **45 days** of the date of this Decision and Order. If Plaintiff fails to file a second amended complaint by that date, the Clerk of Court is directed to dismiss this case without further Order of the Court.

In the event Plaintiff fails to file a second amended complaint and the case is dismissed, the Court certifies, for the reasons discussed above and pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A), that any appeal from this Decision and Order would not be taken in good faith. Accordingly, leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed to the United States Court of Appeals for the Second Circuit in accordance with Federal Rule of Appellate Procedure 24.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        June 15, 2026
              Rochester, New York